STARR *v.* WEIR, EXRX., ET AL.

GUARANTY TRUST CO. OF NEW YORK, TRUSTEE, ET AL. *v.* STARR.

(Decided October 21, 1929.)

*Messrs. Heintz & Heintz, Mr. I. B. Davidson, Mr. Thornton M. Pratt, Mr. Carl H. Zeiss, Messrs. Hop-*

*kins, Starr & Hopkins* and *Mr. John S. Miller, Jr.*, for plaintiff.

*Messrs. Maxwell & Ramsey* and *Mr. Joseph S. Graydon,* for defendants.

HAMILTON, J. This case is here both on appeal and on error. The action was one in equity and was originally brought by Merritt Starr, the present appellee, in the court of common pleas of Hamilton county, Ohio, for the pursuit of assets of the estate of Frederic C. Weir, deceased, to satisfy a judgment for legal services in the sum of $67,000.48, obtained in the United States District Court of the Northern District of Illinois, February 28, 1923. The action here was instituted September 23, 1923.

The facts relating to the assets in question may be summarized as follows:

Frederic C. Weir, a resident of Cincinnati, died March 1, 1899. At the time of his death he was the owner of 2,575 of a total issue of 3,000 shares of stock of the Weir Frog Company. His will was probated in the probate court of Hamilton county, Ohio. The will named his brother, Levi Weir, as executor and sole legatee of all his property.

In 1904, Levi Weir, under an order of the probate court, took over all of the assets of the Frederic C. Weir estate. He thereupon recapitalized the company, with 6,000 shares of preferred stock, and 4,000 shares of common stock, all of which he owned at the time of his death. The form, but not the substance, was thus changed. This traces 85 per cent. of the stock belonging to the estate of Frederic C. Weir into the estate of his brother Levi Weir.

Levi Weir died in 1910, leaving in his estate the stock in question. Upon distribution of the estate of Levi Weir the defendants, some four or five in number, received the stock as distributees, and at the time of the bringing of this action the stock was held by them. Therefore, the stock assets of Frederic C. Weir are thus clearly and definitely shown to be in the hands of the defendants, and, unless plaintiff is barred by statute or court action, these assets, as found by the trial court, are subject to the satisfaction of plaintiff's judgment.

Upon the death of Levi Weir, in 1910, Joseph L. Lackner was appointed administrator *de bonis non* of the estate of Frederic C. Weir, deceased. He is one of the plaintiffs in error in the error proceeding, and elects to present the error case here. All the other defendants elect to present the case on appeal.

Appellants concede that appellee has a good and valid judgment against the estate of Frederic C. Weir and Joseph L. Lackner, administrator *de bonis non,* to the full extent of any assets in possession of said administrator, but contend that appellants are not bound in any respect by said judgment unless it be established: (a) That they were parties to the original action in the federal court of Illinois; or (b) that they were privies in interest of Frederic C. Weir. While much might be said on the first proposition, we do not find it necessary to go into that question, in view of the fact that the record shows that these appellants, while not made parties of record, appeared in the case by counsel, both personal and local; and contested the case by their pres-

ence in court, if not in person, by counsel, over a period of many years; and paid counsel for those services.

There is much in the record as to the rendition of services by appellee's law firm to the firm of Weir, McKechney & Co., of which Frederic C. Weir was a partner, which is of little aid in determining this case. In passing will observe that the judgment of appellee was obtained on account of legal services rendered the partnership of Weir, McKechney & McKechney. Before judgment, Frederic C. Weir died and final judgment was rendered against the estate of Frederic C. Weir and the McKechneys.

The federal court having jurisdiction of the parties and the subject-matter, the judgment is not open to collateral attack, and is of binding effect in a creditor's suit based thereon. *Henry* v. *Vermillion & Ashland Rd. Co.*, 17 Ohio, 187; *Swihart* v. *Shaum*, 24 Ohio St., 432, and cases therein cited.

We are of opinion that the shares of stock in question, as part of the assets of the estate of Frederic C. Weir, are subject to a trust for the payment of the debts of his estate and distribution of the assets. There is substantially nothing in the hands of the administrator *de bonis non* with which to pay the appellee's judgment. The authorities are numerous that a creditor may, in equity, follow the assets of the testator into the hands of legatees and distributees and compel a refund. Such legatees and distributees are in equity treated as trustees for this purpose. 3 Story, Equity Jurisprudence (14 Ed.), Section 1659, and cases noted. Whether this be done on the ground of privity or simple justice to the

creditor at the hands of the legatee or distributee is immaterial. The law is that the creditor may so follow the assets.

Appellants and plaintiffs in error cite some sections of the General Code of Ohio bearing on the filing of claims against an estate, and the accrual of causes of action; and, further, place reliance on an order of the probate court ordering distribution. Bearing on these questions are the following facts:

On December 29, 1903, Peck, Miller & Starr mailed to the McKechneys and Levi C. Weir, executor, a complete statement of their account, as evidenced by letter of which the following is a copy:

> "288 East Ohio Street,
> "Chicago, Dec. 29th, 1903.

"Mr. L. C. Weir, 59 Broadway, New York, N. Y.

"Dear Sir: I am in receipt of the communication from Messrs. Peck, Miller & Starr, enclosing their account; also a copy of letter to Lawrence Maxwell, and copy of disbursements to Barnard & Miller and Walton, James and Ford, and expenses to the country, in which communication it is stated that a copy has also been forwarded to you. I would suggest that the matter of those gentlemen's account ought to be taken up without delay and adjusted— not by correspondence but by personal conference. We certainly cannot stop now. If we continue we will require the services of those gentlemen, and perhaps at a personal conference they might be induced to modify their account in some particular. Enclosed you will please find a copy of my letter of this date to Messrs. Peck, Miller and Starr.

> "Very truly yours,
> "John McKechney."

"59 Broadway, New York.
"Dec. 31st, 1903.
"Messrs, Peck, Miller & Starr, Monadnock Block, Chicago, Ills.

"Gentlemen: Since writing to you today, Mr. Weir has handed me Mr. McKechney's letter to him of Dec. 29th, enclosing your letter of December 26th, addressed to John McKechney, John McKechney, Jr., L. C. Weir and L. C. Weir, Executor. After my return to Cincinnati, whither I go today, and a receipt of an answer to my former letter of today, you may expect to hear from me concerning Mr. McKechney's letter of December 29th.

"Yours very truly,
"Lawrence Maxwell, Jr."

"228 East Ohio St.,
"Chicago, May 25th, 1904.
"Messrs. Peck, Miller & Starr, 915 Monadnock Block, Chicago, Illinois.

"Gentlemen: I have yours of the 25th inst. and have had copy made and forwarded to L. C. Weir, 59 Broadway, New York. I have heretofore expressed my sentiments on this subject and can only add that I hope that Weir and his counsel will immediately take the matter of your account in hand and adjust it entirely satisfactory to you. Certainly you are entitled to a respectful consideration.

"Very truly yours,
"John McKechney."

"May 25th, 1904.
"Messrs. John McKechney, John McKechney, Jr., and Levi C. Weir.

"Dear Sirs: We again beg to call your attention

to the matter of our bill heretofore rendered, and ask that the same be now paid. If we cannot get that, then we ask that the matter of its payment or satisfactory adjustment may be taken up by you with us. We sincerely hope that this may be done in a manner just and satisfactory to all. But if we cannot hope to accomplish this, may we not receive a statement of your position with respect to it?

"We beg to say that the Receiver, Judge Garnett, has asked us if we will accept a retainer and employment by him in the firm litigation and matters which are now in his hands and control as Receiver, but in which we were heretofore counsel for the partnership estate; and he is waiting our reply. If our bill heretofore rendered cannot be so adjusted but is to be a matter of dispute and contest, so that it will be necessary for us to take steps to protect or enforce our claims (which we hope will not be the case,) we desire to know it. In that event, we desire to avoid getting into any position inconsistent with or which may embarrass our action in that respect.

"Trusting that we may be favored with an early reply, we remain,

"Very truly yours,

"Peck, Miller & Starr."

Notwithstanding this notice and correspondence, and without allowing or rejecting the claim, or indicating any action thereon, Levi Weir, the executor and sole legatee, on May 26, 1904, one day after the letter demanding some action by him as executor regarding the claim, made the following application to the probate court:

"Levi C. Weir, Executor of the last will and tes-

tament of Frederic C. Weir, deceased, being first duly sworn, says:

"That in March, 1889, he caused notice of his appointment as executor to be duly published, as required by law, and has filed proof of said publication in this court; that he has paid all taxes, costs and expenses of administration and all claims against said estate that have been presented to him for allowance, except the claim of Martha E. Hicks, administrator of Joseph P. Hicks, which he contested, and upon which final judgment in his favor was rendered by the court of common pleas of Hamilton County, Ohio, and has been affirmed by the Supreme Court of Ohio ([*Hicks* v. *Weir*], 69 Ohio St., 542, [70 N. E., 1122]), and he has collected all of the assets of said estate except its interest in the firm of Weir, McKechney & Company at Chicago, for which a suit is now pending in the circuit court of the United States for the northern district of Illinois, and that said estate has been fully settled except the interest in said firm of Weir, McKechney & Co.

"L. C. Weir."

Upon this application he obtained an order allowing distribution of the whole estate to himself, as follows:

"It appearing to the court that Levi C. Weir, executor of the last will and testament of Frederic C. Weir, deceased, caused notice of his appointment as executor to be duly published in March, 1899, as required by law, and that more than five years have elapsed since such publication, and that he has paid the costs of administration and all claims against

said estate that have been presented to him for allowance, except the claim of Martha E. Hicks, administrator of Joseph P. Hicks, which has been finally adjudicated against said claimant and in favor of said estate; that he has collected all the assets of said estate except its interest in the firm of Weir, McKechney & Company at Chicago, for which suit is now pending in the circuit court of the United States for the northern district of Illinois, and that said estate has been fully settled except its interest in said firm of Weir, McKechney & Co., and that said Levi C. Weir as sole legatee of said Frederic C. Weir, is entitled as such legatee to all of the assets of said estate remaining in his hands as executor.

"It is now ordered that said Levi C. Weir, executor transfer to himself as legatee all of said assets, except the interest of said estate in the firm of Weir, McKechney & Co. and that his authority as executor be continued for the purpose of collecting the interest of said estate in the firm of Weir, McKechney & Company, and that the administration of said estate except as to the said interest is ordered settled and closed."

This proceeding could in no wise disincumber the estate from the debts of the deceased Frederic C. Weir.

On July 7, 1904, Miller and Starr filed their claim in the action filed in the federal District Court of Northern Illinois, brought by Levi C. Weir July 28, 1900, for settlement of the partnership affairs. Their claim was contested by Levi C. Weir, executor, until his death in 1910. After his death, the claim was contested by Joseph L. Lackner, administrator *de*

*bonis non,* until the final judgment, rendered February 28, 1923. September following the securing of the judgment, appellee filed the suit under consideration.

Under these facts, the suggested limitations of the statutes have no application.

Their claim was presented to the executor before the estate was distributed. The claim was never formally rejected. Suit was filed within six weeks after the attempted distribution of the assets. The lengthy litigation of almost twenty years was due to the administrator and appellants resisting the obtaining of the judgment.

It is argued in the brief of appellants that the executor was without power to institute, defend, or participate in the litigation which resulted in the judgment. The answer to this proposition is that it is a collateral attack on the judgment without any element of fraud in obtaining the judgment suggested. The following language, in the opinion in the case of *Piatt* v. *St. Clair's Heirs,* 6 Ohio, 227, Wright, 261, at page 273, is pertinent here: "As administrator, he was the legal trustee of the fund, guarding alike the interest of the creditor and heir. He had no legal right to engage in any act tending to the advantage of one of those for whom he held in trust, and to the exclusion of another. The return to the probate court and confirmation there, imparts to this void act no vitality."

Our conclusion is that the appellee is entitled to the relief sought, and that there is no bar of the statutes or probate court order which will defeat that relief.

A like decree to that entered below may be entered here, and the cause is remanded to the court of common pleas of Hamilton county for execution.

*Decree for plaintiff.*

In the error proceeding, this court affirms the judgment of the court of common pleas.

*Judgment affirmed.*

CUSHING, P. J., and Ross, J., concur.